IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSEI WIREDU, : | |
|     Petitioner, : | |
| : | 1:14-CV-790 |
| v. : | |
| : | Hon. John E. Jones III |
| THOMAS DECKER, *et al.*, : | |
|     Respondents. : | |

## MEMORANDUM

### May 20, 2014

On April 24, 2014, Petitioner Osei Wiredu, a native and citizen of Ghana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Custody Enforcement ("ICE") and seeking a release from confinement on an order of supervision. (Doc. 1). At the time his petition was filed, Petitioner was detained at the Lords Valley Detention Facility in Lords Valley, Pennsylvania. (Doc. 1).

On May 19, 2014, Respondents filed a suggestion of mootness stating that Petitioner was released from ICE custody on May 1, 2014 on an order of supervision. (Doc. 10, Exhibit 1). Respondents argue that the habeas petition is therefore moot. (*Id.*), *citing Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court

from being able to grant the requested relief, the case must be dismissed as moot."); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). For the reasons set forth below, the habeas petition will be dismissed as moot.

## I. DISCUSSION

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (Jones, J.) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Specifically, "the dismissal of a habeas petition as moot is appropriate where a petitioner challenging his continued detention is released from ICE custody on an order of supervision." *Id.*, citing *Phat v. Gonzales*, 2007 U.S. Dist. LEXIS 61259 (M.D. Pa. 2007) (McClure, J.) (concluding that the petitioner's release from ICE custody on an order of supervision renders the habeas petition moot).

In the present case, the habeas petition challenges only Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody on an order of supervision, the petition no longer

presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the only habeas relief he sought, namely, to be released from ICE custody on a supervision order. *See Sanchez v. AG*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot.

  A separate Order will be issued.